IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| SONIA W. PITTMAN,<br><br>    Plaintiff,<br><br>v.<br><br>PEDIATRIC SERVICES OF AMERICA,<br><br>    Defendant. | Civil Action No. 7:11-CV-159 |

ORDER

Before the Court is Defendant's Motion to Dismiss (Doc. 6-3). For the reasons stated below, the Motion is granted.

I. **Factual Background**

Plaintiff Sonia W. Pittman ("Plaintiff") worked for Defendant Pediatric Services of America ("Defendant") as a field nurse providing home health care. On October 26, 2010, Plaintiff was informed that she was being terminated based on allegations of fraud, which Plaintiff denies. (Doc. 1, ¶ 9.)

On July 10, 2011, Plaintiff executed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that Defendant terminated her based on illegal discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.* and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5, *et seq*. (Doc. 1.) The charge of discrimination was stamped as received by the EEOC on

August 10, 2011. (Doc. 6-1.) On August 22, 2011, the EEOC closed the file on Plaintiff's case, determining that it was "unable to conclude that the information obtained establishes violations of the statutes." (Doc. 1-1.) The EEOC did not make any findings as to the substantive issues raised by Plaintiff in her charge of discrimination.

Defendant now argues that Plaintiff's charge of discrimination was submitted outside the 180-day window authorized for filing with the EEOC, and therefore, the case should be dismissed. Plaintiff has not responded to Defendant's Motion.[1]

II. **Analysis**

   a. **Legal Standard for Motion to Dismiss**

This matter comes before the Court on a 12(b)(6) motion, which provides that a party may submit a motion to assert the defense of failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When reviewing a 12(b)(6) motion, "the court construes the complaint in the light most favorable to the plaintiff and accepts all well-pled facts alleged … in the complaint as true." Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

---

[1] On February 23, 2012, the Court informed Plaintiff, who is proceeding *pro se,* that a Motion to Dismiss had been filed and informed Plaintiff of the significance of this Motion. The Court ordered that Plaintiff respond by March 12, 2012. No response was received from Plaintiff.

Ashcroft v. Iqbal, 556 U.S. 662, ---, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007)). "Where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – that the pleader is entitled to relief." Iqbal, 556 U.S. at ---, 129 S. Ct. at 1950. The Supreme Court of the United States has noted that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965 (2007). A complaint must contain enough facts to indicate the presence of the required elements. Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1302 (11th Cir. 2007). However, "conclusory allegations, unwarranted deductions of fact, or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002).

    b. **Exhaustion of Administrative Remedies**

To litigate a claim under Title VII or the ADEA, a plaintiff must first exhaust all administrative remedies. *See* Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001) (Title VII); Jones v. Dillard's Inc., 331 F.3d 1259, 1263 (11th Cir. 2003) (ADEA). The first administrative remedy that must be exhausted is proper filing of a charge of discrimination with the EEOC. Wilkerson, 270 F.3d at 1317. In "deferral states," or those states with a state agency equivalent to the EEOC, the charge must be filed within 300 days. Jones, 331 F.3d at 1263. However, in "non-deferral states," or states without a state equivalent to the

EEOC, the charge must be filed within 180 days. Id. Georgia is a non-deferral state, and therefore, the 180 deadline applies here. Sheffield v. United Parcel Serv., Inc., 403 Fed. Appx. 452, 454 n. 2 (11th Cir. 2010).

In this case, Pittman alleges that she was discriminated against on October 26, 2010, her termination date. Based on the case law cited above, Plaintiff had 180 days from this date to submit her charge of discrimination to the EEOC. However, Plaintiff's charge was not received by the EEOC until August 10, 2011, or 257 days after her termination. Thus, Plaintiff's charge was filed seventy-seven days after the 180-day window for filing had closed.

Based on her failure to comply with the 180-day window, Plaintiff has not demonstrated that she exhausted her administrative remedies by properly filing a charge of discrimination with the EEOC within the appropriate time frame. This failure to exhaust her administrative remedies is fatal to Plaintiff's Complaint. Plaintiff's Complaint does not state a claim for which relief can be granted, and therefore, the case must be dismissed.

**SO ORDERED**, this 29th day of March, 2012.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE

ebr