IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **SONIA W. PITTMAN,**<br><br>    Plaintiff,<br><br>    v.<br><br>**PEDIATRIC SERVICES OF AMERICA,**<br><br>    Defendant. | Civil Action No. 7:11-CV-159 (HL) |

## ORDER

Before the Court is Plaintiff Sonia W. Pittman's Motion for Reconsideration on the Court's Order and Judgment dismissing her case for failure to exhaust her administrative remedies. (Doc. 12.) For the reasons stated below, the Motion for Reconsideration is denied.

Plaintiff's Complaint, filed on November 18, 2011, alleged discrimination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* ("ADEA") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, *et seq.* ("Title VII"). In response to the Complaint, Defendant Pediatric Services of America ("PSA") filed a Motion to Dismiss. In its Motion, PSA claimed that Plaintiff did not timely file her charge with the Equal Employment Opportunity Commission ("EEOC"), and therefore, she did not properly exhaust her

administrative remedies and should be denied relief. Plaintiff did not file a response to this Motion.[1]

Based on the evidence submitted by PSA, the Court granted the Motion to Dismiss, concluding that Plaintiff failed to submit her charge with the EEOC within the 180-day window allowed by Georgia law. *See* Sheffield v. United Parcel Serv., Inc., 403 Fed. Appx. 452, 454 n. 2 (11th Cir. 2010). Plaintiff alleged that the discrimination against her took place on October 26, 2011, and her charge was stamped as received by the EEOC on August 10, 2011 (Doc. 6-1), well after the 180-day period had closed.

Now, Plaintiff submits her Motion for Reconsideration, claiming that she submitted information to the EEOC in January 2011, within the 180-day time period. In support of her Motion, Plaintiff submits several documents to the Court. After careful review, the Court is unconvinced that these documents change its analysis. The documents submitted by Plaintiff provide some evidence that Plaintiff made contact with the EEOC in January 2011, but the evidence is not enough to affect the Court's ultimate decision. For example, there is a fax confirmation sheet dated January 19, 2011 (Doc. 12-1, p. 4), which Plaintiff claims signifies her contact with the EEOC. However, this confirmation sheet alone is not sufficient to show that Plaintiff properly submitted her charge in a timely fashion. Also, there is the last page of an EEOC questionnaire dated

---

[1] The Court issued an Order on February 23, 2012 to advise the Plaintiff, who is proceeding *pro se*, of the importance of responding to a Motion to Dismiss. (Doc. 8.)

November 28, 2010. This page, without more, does not suffice to prove that her charge was submitted to the EEOC within the allowed time period.

There is also evidence, submitted by PSA, that the EEOC sent PSA a Notice of Charge of Discrimination on January 25, 2011, which would indicate some contact by Plaintiff prior to the expiration of the 180-day time period. (Doc. 6-2.) However, this form is not verified and cannot be considered a proper charge. "The EEOC requires that a charge be 'in writing and signed and … verified.'" 29 C.F.R. § 1601.3(a). Verification is mandatory. <u>Vason v. City of Montgomery, Ala.</u>, 240 F.3d 905, 907 (11th Cir. 2001). In this case, the form dated January 25, 2011 is not verified, and thus, it does not satisfy Title VII's requirements. *See* <u>Francois v. Miami Date County, Port of Miami</u>, 432 Fed. Appx. 819, 822 (11th Cir. 2011) (charge must be verified to be considered); <u>Hammond v. State of Ga.</u>, No. 2:11-CV-0051-RWS, 2012 WL 181647, at *3 (N.D. Ga. Jan. 23, 2012) (dismissal of complaint for lack of verification).

The evidence submitted by Plaintiff is insufficient to demonstrate that a charge was properly filed with the EEOC. Without a properly executed EEOC charge, Plaintiff has failed to show that she exhausted her administrative remedies under Title VII, and therefore, her claims must fail. The Motion for Reconsideration is denied.

**SO ORDERED,** this 3rd day of May, 2012.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE

ebr