IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **SONIA W. PITTMAN,**<br><br>      Plaintiff,<br><br>      v.<br><br>**PEDIATRIC SERVICES OF AMERICA,**<br><br>      Defendant. | Civil Action No. 7:11-cv-159 (HL) |

## ORDER

Before the Court is Plaintiff Sonia W. Pittman's Motion for Reconsideration of Plaintiff's Motion to Set Aside (Doc. 20). For the reasons stated below, the Motion is denied.

### I.    BACKGROUND

Pittman filed her complaint in this case alleging that she was discriminated against by her former employer on the basis of race and age in violation of Title VII. (Doc. 1, p. 2.) Defendant Pediatric Services of America ("PSA") filed a Motion to Dismiss, contending that Pittman did not properly exhaust her administrative remedies before filing her complaint. (Doc. 6.) Pittman did not respond to the Motion. The Motion to Dismiss (Doc. 10) was granted and judgment was entered in favor of PSA.

After judgment was entered, Pittman filed a Motion for Reconsideration (Doc. 12) and a Motion to Set Aside (Doc. 16). In these Motions, Pittman alleged that she properly exhausted her administrative remedies because she timely filed an intake questionnaire with the EEOC, and therefore, she should be allowed to proceed with her discrimination claims against PSA. The Court denied both Motions on the grounds that Pittman was unable to establish that she exhausted her administrative remedies.

Now, Pittman, who has previously been proceeding *pro se*, has filed her second Motion for Reconsideration through her attorney, arguing that under <u>Federal Express Corp. v. Holowecki</u>, 552 U.S. 389 (2008), Pittman's submission of an intake questionnaire to the EEOC should qualify as proper exhaustion. This issue is addressed below.

## II.   DISCUSSION

In <u>Holowecki</u>, the Supreme Court of the United States addressed the issue of whether the submission of an intake questionnaire to the EEOC constituted a "charge of discrimination" for purposes of properly exhausting administrative remedies. 552 U.S. 389 (2008). The traditional purpose of an intake form is to facilitate "pre-charge filing counseling." <u>Id.</u> at 404. However, in <u>Holowecki</u>, the Court determined that in some cases the intake questionnaire could also serve as a formal charge. <u>Id.</u> In that case, the plaintiff submitted an intake form to the

EEOC that contained all of the required information listed in 29 CFR § 1626.8.[1] Id. The intake form also included a six-page affidavit. Id. The affidavit asked the EEOC to "[p]lease force Federal Express to end their age discrimination plan so we can finish out our careers absent the unfairness and hostile work environment." Id.

The Holowecki Court determined that the intake questionnaire and the affidavit were sufficient to exhaust administrative remedies, taking the place of a formal charge. Id. at 405. The Court reasoned that, in most cases, a formal charge of discrimination is necessary to demonstrate the plaintiff's desire to seek action against his or her employer. Id. However, in that case, the plaintiff established his desire for action against his employer through the intake questionnaire and attached affidavit. Id. The Court stated that a filing must "be examined from the standpoint of an objective observer to determine whether, by a reasonable construction of its terms, the filer requests the agency to activate its machinery and remedial processes." Id. at 402.[2]

---

[1] Section 1626.8 of the CFR requires that a charge filed with the EEOC should contain: (1) the full name address and telephone number of the person making the charge; (2) the full name and address of the person against whom the charge is made; (3) a clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices; (4) if known, the approximate number of employees of the prospective defendant employer or members of the prospective defendant labor organization; and (5) a statement disclosing whether proceedings involving the alleged unlawful employment practice have been commenced before a State agency charged with the enforcement of fair employment practice laws and, if so, the date of such commencement and the name of the agency.

In light of the Holowecki decision, lower courts began to construe intake questionnaires as sufficient to exhaust administrative remedies. The Middle District of Georgia determined that to constitute proper exhaustion, the questionnaire must be "reasonably construed as a request for the [EEOC] to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and employee." Street v. United Parcel Service, 822 F. Supp. 2d 1357, 1365 (M.D. Ga. 2011).

However, intake questionnaires are not always sufficient to exhaust administrative remedies. In EEOC v. Summer Classics, Inc., 471 Fed. Appx. 868 (11th Cir. 2012), the Eleventh Circuit determined that the plaintiff's intake questionnaire was not sufficient to exhaust administrative remedies because it could not be construed as a request for the EEOC to act. The Eleventh Circuit distinguished the plaintiff in Summer Classics from the plaintiff in Holowecki based on the content of the questionnaires submitted by the plaintiffs. In Holowecki, the plaintiff completed the questionnaire and attached a signed affidavit that gave a specific request to act. 552 U.S. at 404-05. On the other hand, in Summer Classics, the plaintiff completed the questionnaire and attached a handwritten note labeling the defendant's actions as "discrimination" and "a crime." 471 Fed. Appx. at 871. The Eleventh Circuit determined that the plaintiff

---

[2] The Holowecki Court also noted that there "might be instances where the indicated discrimination is so clear or pervasive that the agency could infer from the allegations themselves that action is requested and required." 552 U.S. at 405. The Court does not find Pittman's case to be one in which that type of inference is permissible.

4

in <u>Summer Classics</u> did not demonstrate that he was calling upon the EEOC to "activate its machinery and remedial processes." <u>Id.</u> Thus, the questionnaire was insufficient to show that administrative remedies had been exhausted. <u>Id.</u>

In the present case, Pittman completed the intake questionnaire and arguably submitted it in a timely fashion. However, based the reasoning in <u>Summer Classics</u>, her questionnaire does not constitute a formal charge because it does not contain a call to action. Pittman's questionnaire gives the details of her allegations, but she never requests action from the EEOC like the plaintiff in <u>Holowecki</u>. Her case is more like <u>Summer Classics</u>, where the plaintiff made allegations against his employer, but never requested formal action by the EEOC.

The Court finds that Pittman's intake questionnaire, even if submitted in a timely fashion, does not meet the standard to constitute a formal charge. Without a formal charge submitted to the EEOC within 180 days, Pittman's case cannot move forward because she failed to exhaust her administrative remedies. Thus, Pittman's Motion for Reconsideration is denied.

**SO ORDERED**, this 9th day of October, 2012.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE

ebr